# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| ARRONDA WILLIAMS, and | ) |
| CHAMBRIA SHERRARD; | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney for said District, upon information and belief and for its cause of action, alleges:

### JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America seeking avoidance of a fraudulent transfer, and this Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. This action is brought pursuant to 28 U.S.C. §§ 3301-3308 which provides the procedure for the United States to seek relief against a fraudulent transfer as to a debt owed to the United States

3. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391

4. Divisional venue is proper in the Eastern Division pursuant to L.R. 3-2.07(A)(1).

### PARTIES

5. Plaintiff is the United States of America.

6. Defendant Arronda Williams is a resident of St. Louis County, Missouri.

1

7. Defendant Chambria Sherrard is a resident of St. Louis County, Missouri.

**FACTS COMMON TO ALL COUNTS**

Defendant Arronda Williams' Criminal Conviction

8. On November 12, 2014, a grand jury sitting in the Eastern District of Missouri returned a nine-count indictment charging Defendant Arronda Williams with Mail Fraud, Wire Fraud, Securities Fraud, Aggravated Identity Theft, and Conspiracy to Defraud. *United States v. Williams*, Case No. 4:14-CR-00363-JAR-1 (the "Criminal Case"), Docs. 1-2.

9. Defendant Arronda Williams pleaded guilty to Counts 2, 3, 4, 6, 7, and 9 of the indictment on July 1, 2015. Criminal Case, Doc. 181.

10. On December 16, 2015, United States District Judge John A. Ross issued a criminal judgment against Defendant Arronda Williams. Criminal Case, Doc. 298. Judge Ross sentenced Defendant Arronda Ailliams to 41 months' imprisonment, three years supervised release, and ordered her to pay $79,214.55 in criminal restitution to the victims of her offenses.[1] *Id.*

11. On January 11, 2016, Judge Ross entered a Final Order of Forfeiture (the "FOF"). The FOF directed Defendant Arronda Williams to pay a forfeiture money judgment in the amount of $79,214.55 to the United States. Criminal Case, Doc. 303.

12. As of the date of this pleading, Defendant Arronda Williams still owes $60,478.34 in restitution.

13. A criminal judgment imposing a fine or restitution acts as a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code. 18 U.S.C. § 3613(c). Therefore, as of December 16, 2015, the United States had, and continues to have, a

---

[1] Defendant Arronda Williams has two other federal convictions: one in 2015 in Case Number 4:15-CR-000126, and one in 2009 in Case Number 4:09-CR-00752.

lien against all of Defendant Arronda Williams' property and rights to property as a result of the criminal conviction and judgment imposing restitution.

Sale of Property on Northvale

14. On or about the time of her conviction, Defendant Arronda Williams had an ownership interest in property located at 1309 Northvale, Saint Louis, Missouri (the "Northvale Property").

15. A full legal description of the Northvale Property is as follows:

> Lot 94 of North Hills Gardens No. 2, a subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 68 Page 2 of the St. Louis County Records.

16. On or about March 30, 2006, Defendant Arronda Williams obtained a purchase money mortgage in order to finance the purchase of the Northvale Property. The purchase money mortgage was recorded with the St. Louis County, Missouri, recorder of deeds office in book 17110, page 1664.

17. On December 22, 2015, the United States filed a judgment lien against the Northvale Property. The United States recorded the judgment lien with the St. Louis County, Missouri, recorder of deeds office at book 21814, page 1730. The judgment lien put other creditors on notice of the restitution judgment, and resulting statutory lien, in favor of the United States

18. On February 1, 2016, the United States filed an abstract of judgment against the Northvale Property. The United States recorded the abstract of judgment with the St. Louis County, Missouri, recorder of deeds office at book 21868, page 1766. The abstract of judgment put other creditors on notice of the FOF in favor of the United States.

19. On May 27, 2016, Deutsche Bank National Trust Company, as trustee for Morgan Stanley IXIS Real Estate Capital Trust 2006-1, Mortgage Pass Through Certificates, Series 2006-1 ("Deutsche Bank"), filed a petition in Missouri state court for judicial foreclosure of the

Northvale Property. *See Deutsche Bank National Trust v. Williams, et al.*, Case No. 16SL-CC02002 (St. Louis County, Missouri).

20. In the petition, Deutsche Bank alleged that it was the trustee for the entity holding the deed of trust for Northvale Property. Further, Deutsche Bank alleged a default had occurred under the terms of the deed of trust in that Defendant Arronda Williams failed to make installment payments due and owing.

21. Deutsche Bank named the United States as a defendant in the state-court action, because of the liens identified in paragraphs 17 and 18 above.

22. On February 9, 2017, the United States entered into a consent agreement with Deutsche Bank, agreeing that the liens identified in Paragraphs 17 and 18 above were junior to Deutsche Bank's deed of trust.

23. On July 13, 2017, the state court issued a judgment in favor of Deutsche Bank permitting it to foreclose on the Northvale Property.

24. However, foreclosure of the property did not occur.

25. In January 2020, Defendant Williams entered into a contract with Defendant Chambria Sherrard to sell the Northvale Property. The sale price was $32,000. Of that amount, $29,880.55 was used to pay the first mortgage loan on the Northvale Property. The remainder was used to pay closing costs and other taxes.

26. Upon information and belief, the actual value of the Northvale Property at the time of the January 2020 sale exceeded $100,000.00.

27. Defendant Chambria Sherrard obtained title to the Northvale Property subject to the liens in favor of the United States as identified in Paragraphs 17 and 18 above.

28. Approximately six months later, in June 2020, Defendant Chambria Sherrard entered into an agreement to sell the Northvale Property to a third-party purchaser for

4

approximately $105,000. As a result, Defendant Chambria Sherrard realized a windfall of approximately $73,000.

29. Upon information and belief, Defendant Arronda Williams was aware of the liens in favor of the United States identified in paragraphs 17 and 18 above at the time she sold the Northvale Property to Defendant Chambria Sherrard in January 2020

30. Upon information and belief, Defendant Chambria Sherrard was aware of the criminal monetary debts owed by Defendant Arronda Williams to the United States at the time she purchased the Northvale Property in January 2020, and again when she sold the Northvale Property in June 2020.

31. The January 2020 sale of the Northvale Property was <u>not</u> an arms-length negotiation.

32. On June 16, 2020, investigators with the United States Marshal Service interviewed Defendant Chambria Sherrard. During the interview, investigators learned the following:

   a. The third-party purchaser of the Northvale Property (for the June 2020 agreement) was a friend of Defendant Arronda Williams;
   b. Defendant Arronda Williams found the third-party purchaser and arranged the sale of the Northvale Property for $105,000;
   c. The June 2020 sale was facilitated without a real estate broker or agent; and
   d. Defendant Chambria Sherrard did not have to spend any money on improvements to the Northvale Property between the January and June 2020 sales.

33. Upon information and belief, Defendant Arronda Williams sold the Northvale Property to Defendant Chambria Sherrard to shield the property's equity from the United States in order to avoid paying restitution or the FOF.

5

34. None of the $73,000 windfall from the June 2020 sale of the Northvale Property was used to pay any of Defendant Arronda Williams' criminal restitution.

### COUNT I-FRAUDULENT TRANSFER IN VIOLATION OF 28 U.S.C. § 3304(A)(1)
### AGAINST ALL DEFENDANTS

35. The United States restates the allegations and averments contained in Paragraphs 1-34 as if fully set forth herein.

36. The January 2020 sale of the Northvale Property from Defendant Arronda Williams to Defendant Chambria Sherrard was a fraudulent transfer.

37. Defendant Arronda Williams owed a debt to the United States as a result of the criminal restitution judgment and FOF. 28 U.S.C. § 3002(3).

38. Defendant Arronda Williams is a "debtor" as defined in 28 U.S.C. § 3002(4).

39. The January 2020 sale of the Northvale Property was a "transfer" as defined in 28 U.S.C. § 3301(6).

40. The debt owed by Defendant Arronda Williams arose prior the transfer.

41. Defendant Arronda Williams transferred the Northvale Property without receiving a reasonably equivalent value in exchange for the transfer. 28 U.S.C. § 3304(a)(1)(A).

42. Upon information and belief, Defendant Arronda Williams became insolvent as a result of the transfer. 28 U.S.C. § 3304(a)(1)(B).

WHEREFORE, the United States prays this Court enter judgment in its favor, against Defendants, and grant the following relief:

　　a. A remedy against other property of the transferee, as provided in 28 U.S.C. § 3306(a)(2);

　　b. A judgment for the value of the fraudulent transfer, as provided in 28 U.S.C. § 3306(a)(3); and

    c. Award the United States such other relief as may be appropriate and just, as provided in 28 U.S.C. § 3306(a)(3).

### COUNT II-FRAUDULENT TRANSFER IN VIOLATION OF 28 U.S.C. § 3304(B)(1)(A)
### AGAINST ALL DEFENDANTS

43. The United States restates the allegations and averments contained in Paragraphs 1-34 as if fully set forth herein.

44. The January 2020 sale of the Northvale Property from Defendant Arronda Williams to Defendant Chambria Sherrard was a fraudulent transfer.

45. Defendant Arronda Williams owed a debt to the United States as a result of the criminal restitution judgment and FOF. 28 U.S.C. § 3002(3).

46. Defendant Arronda Williams is a "debtor" as defined in 28 U.S.C. § 3002(4).

47. The January 2020 sale of the Northvale Property was a "transfer" as defined in 28 U.S.C. § 3301(6).

48. The United States is a "creditor" of Defendant Arronda Williams as that term is defined in 28 U.S.C. § 3301(4).

49. Defendant Arronda Williams sold the Northvale Property to Defendant Chambra Sherrard for substantially less than its value with actual intent to hinder, delay, or defraud the United States. 28 U.S.C. § 3304(a)(1)(A).

WHEREFORE, the United States prays this Court enter judgment in its favor, against Defendants, and grant the following relief:

    a. A remedy against other property of the transferee, as provided in 28 U.S.C. § 3306(a)(2);

    b. A judgment for the value of the fraudulent transfer, as provided in 28 U.S.C. § 3306(a)(3); and

   c. Award the United States such other relief as may be appropriate and just, as provided in 28 U.S.C. § 3306(a)(3).

### COUNT III-FRAUDULENT TRANSFER IN VIOLATION OF 28 U.S.C. § 3304(B)(1)(B) AGAINST ALL DEFENDANTS

50. The United States restates the allegations and averments contained in Paragraphs 1-34 as if fully set forth herein.

51. The January 2020 sale of the Northvale Property from Defendant Arronda Williams to Defendant Chambria Sherrard was a fraudulent transfer.

52. Defendant Arronda Williams owed a debt to the United States as a result of the criminal restitution judgment and FOF. 28 U.S.C. § 3002(3).

53. Defendant Arronda Williams is a "debtor" as defined in 28 U.S.C. § 3002(4).

54. Defendant Arronda Williams did not receive a reasonably equivalent value for the sale of the Northvale Property. 28 U.S.C. § 3304(b)(1)(B).

55. Defendant Arronda Williams incurred, or reasonably should have believed she would incur, debts beyond her ability to pay as they became due. 28 U.S.C. § 3304(b)(1)(B)(ii).

WHEREFORE, the United States prays this Court enter judgment in its favor, against Defendants, and grant the following relief:

   a. A remedy against other property of the transferee, as provided in 28 U.S.C. § 3306(a)(2);

   b. A judgment for the value of the fraudulent transfer, as provided in 28 U.S.C. § 3306(a)(3); and

   c. Award the United States such other relief as may be appropriate and just, as provided in 28 U.S.C. § 3306(a)(3).

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


/s *Joshua M. Jones*
Joshua M. Jones, Mo. Bar #61988
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314) 539-2310
Fax: (314) 539-2287
joshua.m.jones@usdoj.gov