UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-01271-SRC |
| | ) | |
| ARRONDA WILLIAMS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

This matter comes before the Court on [21] Defendant Arronda Williams's Motion to Stay Proceedings, to Stay Discovery, and for a Protective Order. The Court denies the motion.

**I.     Background**

**A.     Williams's criminal case**

Arronda Williams pleaded guilty to fraud charges on July 1, 2015. *United States v. Williams*, Case No. 4:14-cr-00363-JAR-1, at Doc. 180. Judge John Ross issued a criminal judgment against Williams, sentencing her to forty-one months imprisonment and a three-year term of supervised release. *Id*. at Doc. 298. Judge Ross further ordered Williams to pay $79,214.55 in criminal restitution. *Id*.

Defendant Williams was placed on supervised release on or around October 2, 2017. In addition to the standard conditions of supervision, Judge Ross issued the following instructions:

> The defendant shall provide the probation office and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office access to any requested financial information. The defendant is advised that the probation office may share financial information with FLU.

> The defendant shall apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation office of the receipt of any indicated monies.

1

The defendant shall pay the restitution as previously ordered by the Court.

Doc. 298 at p. 5.  Upon her successful completion of the terms of release, Williams will be released from supervision on June 28, 2021.

### B.     Williams's civil case

While Williams was on supervised release, the United States filed suit seeking remedies against Williams and Chambria Sherrard after they allegedly fraudulently transferred property. Doc. 1.  The United States asserts three counts under the Federal Debt Collections Practices Act, 28 U.S.C. §§ 3301–3308, against both Williams and Sherrard.  *Id*.  Williams and Sherrard filed motions to dismiss, arguing that the United States failed to allege sufficient facts to support any of its claims under the FDCPA.  Docs. 16–17.  Williams filed a motion to stay while the motions to dismiss were pending.  Doc. 21.  The Court denied Defendants' motions to dismiss and ordered the parties to brief the motion to stay in accordance with the Local Rules.  Doc. 22.  With the United States filing a response to the motion to stay, and Williams's failing to reply within ten days pursuant to the Local Rules, *see* E.D. Mo. L.R. 4.01, the motion is now ripe.

## II.    Standard

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made,  before the original time or its extension expires."  The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

**III.     Discussion**

Williams argues that the Court should stay this case and/or issue a protective order preventing the United States from engaging in discovery until her term of supervised release is completed.  Doc. 21.  Williams contends that the Court must enter a stay because if forced to participate in this civil proceeding, she "would be forced to waive her Fifth Amendment privilege against self-incrimination in the Criminal Case or suffer the adverse inference in this civil case that her invocation of the privilege would thereby create."  *Id*. at p. 3.  Williams's motion reflects her concern that by participating in this civil action she could incriminate herself such that the sentencing judge from her criminal case might revoke her supervised release.

Williams's arguments lack merit.  The Fifth Amendment of the United States Constitution, in relevant part, provides that no person "shall be compelled in any criminal case to be a witness against himself."  U.S. CONST. AMEND. V.  "[T]his prohibition not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also 'privileges him not to answer official questions put to him in any other proceeding, *civil or criminal*, formal or informal, where the answers might incriminate him in future criminal proceedings.'"  *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984) (quoting *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973)) (emphasis added).  "However, this right does not preclude a witness from testifying voluntarily in matters which may incriminate him.  If, therefore, he desires the protection of the privilege, he must claim it or he will not be considered to have been 'compelled' within the meaning of the Amendment."  *Id*. at 427 (quoting *United States v. Monia,* 317 U.S. 424, 427 (1943)).

Thus, although Williams may have to respond to written discovery or undergo a deposition that would require potentially incriminating responses, she still may still invoke the

3

Fifth Amendment.  Therefore, participating in this civil case would not force her to waive her Fifth Amendment privilege against self-incrimination in either her criminal case or her civil case.

Williams also argues that a stay is appropriate because if she does invoke the Fifth Amendment, she suffers the adverse inference that may be drawn from her invocation of her Fifth Amendment right.  Doc. 21 at p. 3 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). Given the concerns present when criminal defendants are faced with this choice, the Eighth Circuit has recognized that "[a] stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (citing *Wehling v. Columbia Broadcasting Sys.,* 608 F.2d 1084 (5th Cir. 1979)). "[T]o warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege . . . or that the two trials will so overlap that effective defense of both is impossible."  *Id*. (internal citation omitted).

The circumstances contemplated in *Koester* that would warrant a stay does not exist here because Williams's criminal matter has concluded, and thus she is not tasked with simultaneously defending a criminal and civil trial.  Moreover, to the extent Williams questions whether the United States filed this civil action to discover that Williams violated her supervised release, *see United States v. Kordel*, 397 U.S. 1, 12 (1970), *United States v. Grunewald*, 987 F.2d 531, 534 (8th Cir. 1993), such concerns likewise do not exist because Williams's conditions of release require her to provide any requested financial information.  Thus, the United States did not need to resort to filing a civil action to determine whether she violated her conditions of release when she allegedly fraudulently transferred property to Sherrard.

Finally, accepting Williams's argument would lead to absurd results. It would shield convicted criminals on supervised release from civil liability for the length of their term. Specific to this case, any convicted criminal serving a term of supervised release who owed restitution would be shielded from any litigation to recover fraudulent transfers for the length of their term. Such a result would inhibit the ability of the United States to recover restitution and run counter to the FDCPA, which expressly permits the United States to engage in "discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." 28 U.S.C. § 3015(a).

For the reasons stated above, the Court denies [21] Defendant Arronda Williams's Motion to Stay Proceedings, to Stay Discovery, and for a Protective Order. The Court orders Williams and Sherrard to file an answer no later than April 19, 2021. A Rule 16 conference will be set by separate order of the Court.

So Ordered this 9th day of April 2021.

_SLR.CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**